ROBERT STEWART *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

May 12, 1890.

Master and Servant—Negligence—Evidence. — Testimony in the case
examined, and *held* sufficient to warrant the verdict.

Appeal by defendant from an order of the district court for Stearns
county, *Searle,* J., presiding, refusing a new trial after verdict of
$2,000 for plaintiff.

*M. D. Grover,* for appellant.

*D. W. Bruckart,* for respondent.

COLLINS, J.[1] This action was brought by plaintiff, who was em-
ployed by the defendant as a brakeman, to recover for injuries alleged
to have been received through the negligence of an engineer also in
defendant's employ. The jury found for the plaintiff, and defendant
appeals from an order denying a new trial. The accident occurred
in the night-time; the engineer who is said to have been negligent
then having charge of a switching or yard engine standing upon the
main track, and in front of which a caboose-car was coupled. It be-
came necessary to open a side track a short distance for the purpose
of taking out another caboose-car. A brakeman who was working
with the plaintiff turned the switch, and with his lantern gave a
"slow" signal. This the engineer understood, and, pushing the car
in front of the engine, came slowly over on to the side track. As the
moving car and engine approached the caboose which was to be taken
out, plaintiff, in the line of his duty, stepped in and made the usual
preparations for coupling. When within about two feet of the sta-
tionary caboose, the car and engine came to a full halt, and were then
put in motion. The draw-heads of the caboose came together, catch-
ing and crushing the plaintiff's hand. From testimony which was
undisputed, it appears that the engineer knew that the caboose in his
front was to be coupled to that upon the side track, and that plaintiff

Mitchell, J., took no part in this case.

had gone between them to make the connection.    It also seems that, when his engine stopped, he knew the cabooses to be but about two feet apart, and that, under the rules governing the movement of loco-motives, the one in question should not have then been started up without further signal from the brakemen.    The testimony of the plaintiff and his witnesses was, in substance, that no signal was given except at the switch; that, instantaneously after coming to a full stop, the car and engine were suddenly, with great force and violence, started up, and thrown forward upon the stationary car, whereby plaintiff's hand was caught and mangled between the draw-heads. The sufficiency of this testimony to sustain the verdict is really the only question presented upon the appeal.

In defendant's behalf, there was testimony that the engine was properly handled, when, during a momentary halt, the engineer ap-plied steam, having, as he claims, received from one of the brake-men another signal to move ahead slowly, and that the cars came together with little or no force, and in the usual manner.    There was also put in evidence the result of a number of experiments in car-coupling under precisely the conditions existing when plaintiff was hurt, made with the same engine and upon the same tracks. From this the defendant contends that it was conclusively established that the accident did not result, and could not have resulted, from the carelessness or negligence of the engineer.    We cannot so hold. The weight of all the testimony was for the jury, and there was suf-ficient on the part of the plaintiff to show that his injuries were caused by the mismanagement of the engineer, and that they might have been averted, had due care been used by him.

Order affirmed.